UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **HARRY JAMES HARRISON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:08 CV 306 JM |
| vs. ) | |
| ) | |
| **SUPERINTENDENT,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Harry James Harrison, a *pro se* prisoner, filed this habeas corpus petition challenging his 250 day loss of earned credit time. On January 14, 2008, in case number NCP 08-01-0007, the New Castle Correctional Facility Disciplinary Hearing Board (DHB) found him guilty of possessing an unauthorized substance in violation of A-112. Though Harrison bases many of his arguments on alleged violations of prison policies, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus even if a prison policy was violated, such a violation cannot be a basis for habeas corpus relief.

First, Harrison argues that he was denied an impartial decision maker because the screening officer also served on the DHB. This argument misunderstands the impartiality requirement of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Due process only requires that decision makers in prison disciplinary

proceedings have no direct personal involvement in the incident that forms the subject of the hearing.

> To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved."

*Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000). The screening officer in a prison disciplinary case is not involved in the underlying incident or its investigation, rather he is merely involved in the adjudication of the charge against the inmate. Screening in the disciplinary process serves the same function as arraignment in a criminal prosecution. In criminal proceedings, the same judge may conduct the arraignment and preside over the trial. So too, the Due Process Clause does not preclude a screening officer from also sitting on the DHB.

Second, Harrison argues that the drug test results were incomplete, but that he did not know this because he was not shown the report during the hearing. Harrison subsequently obtained a copy which he has attached to his petition. Harrison complains that the report is incomplete because it does not identify the level of the banned substance that was found in his blood. At its root, this is merely an argument that there was insufficient evidence to find him guilty.

Though Harrison may have not been shown the report during his hearing, he was told that he tested positive, which is exactly what the report shows: that he

tested positive for Cannabinoids and Carboxy THC. (DE 1-3 at 5). Thus, seeing the report during the hearing would have been of no benefit to him and would have made no difference in the outcome. Though Harrison wants to know the actual blood level, that is not a relevant question in a habeas corpus case. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Based on this record, there is some evidence to support finding him guilty. *Compare Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Third, Harrison argues that he was not assigned a lay advocate. Though due process requires that some inmates be assigned a lay advocate, Harrison is not one of them.

> Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.

*Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). Here, Harrison does not indicate that he was prohibited from seeking the aid of a fellow inmate. Nevertheless, even if he was, the record demonstrates that he is literate and the charge against him was not complicated. Everything Harrison has submitted demonstrates that he is literate and coherent. Nothing gives any hint that he was unable to competently present his case to the DHB. Harrison did not need and was not entitled to a lay advocate.

Fourth, Harrison argues that he was denied a continuance of his hearing. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

4

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Here, Harrison was notified of the charges against him on January 9, 2008 and waived his right to 24 hour notice. (DE #1-3 at 6) Nevertheless, his hearing was not held until five days later on January 14, 2008. Denying his request for a continuance did not deny him due process and it is not a basis for habeas corpus relief.

Fifth, Harrison argues that he was denied the opportunity to submit evidence in his defense. Because of the way he has presented this argument, it is unclear that he actually attempted to offer any evidence at the hearing that was refused.[*] Nevertheless, even if he did, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Neither do they have the right to present unnecessary or irrelevant evidence. Here, Harrison wanted to present a page from a book about Alcohol and Substance Abuse. Specifically he wanted to show that initial drug testing can produce false positives in almost one third of samples and that confirmation by gas chromatography-mass spectrometry (GC/MS) is required to validate the results. The conduct report states that the test was confirmed with GC/MS ( DE #1-4 at 1), therefore even if he was denied the opportunity to present

---

[*] Though *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) requires that an accused prisoner be permitted to call a witness, "[t]he law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses." *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997) abrogated on other grounds by *White v. Indiana Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir. 2001). Neither does it permit him to submit evidence after the hearing has concluded.

5

this evidence, doing so did not deny him due process because the evidence is not exculpatory.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4. Here, there is no basis for granting habeas corpus relief.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

DATE: July 17, 2008

                          s/ James T. Moody  
                          JUDGE JAMES T. MOODY  
                          UNITED STATES DISTRICT COURT